Eric Bjorgum, CA Bar No. 198392
Marc Karish, CA Bar No. 205440
**KARISH & BJORGUM, PC**
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
eric.bjorgum@kb-ip.com

ATTORNEYS FOR PLAINTIFF
INTENT DRIVERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNI

| | |
|---|---|
| INTENT DRIVERS, INC.; a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIMESOLARQUOTES; SOLARPANELQUOTES; SAHAK NALBANDYAN, an individual; and DOES 1 – 10, Inclusive,<br><br>    Defendants. | Case No.: 8:22-00003 JVS<br><br>**PLAINTIFF'S OPPOSITOIN TO DEFENDANTS' MOTION TO DISMSS**<br><br>Hon. James V. Selna<br>Courtroom: 10C<br>Hearing Date: August 1, 2022<br>Hearing Time: 1:30 p.m. |

Plaintiff Intent Drivers, Inc. ("Plaintiff" or "Intent Drivers"), by and through its attorneys, Karish & Bjorgum, PC, hereby submits its Opposition to Defendants' Motion to Dismiss (D.N. 12).

1

## I. INTRODUCTION

Defendants' Motion should be denied. Defendants' motion is based on unsupported assertions, such as that Defendants do not reside in California (with no explanation of where they do reside) or that the Complaint mentions hiring a photographer, so the works at issue must be wrongfully registered as works for hire.

These bald statements do not comport with the facts as alleged or that can be shown here by permissible declarations. For instance, the registered work at issue is a textual work (not a photographic work for hire), and it as alleged that Plaintiff is the owner of the registered work. Further, substantial investigation and evidence show that Defendant Sahak Nalbandyan lives in this District and operates a business here.

## I. ARGUMENT

### A.      Plaintiff Has Standing

Simply put, Plaintiff has alleged standing. The Solar Article copyright at issue here is owned by Plaintiff. The Solar Article is registered with the United States Copyright Office as "Energy Bill Cruncher 09_16_17" and has the U.S. Copyright Reg. No. TXu002234483." Defendants claim that the work belongs to a photographer because the Complaint mentions a photographer. But the work is a work of text, and Defendants put forth no argument or evidence that the text is not owned by Plaintiff.

### B.      This Court Has Personal Jurisdiction Over Defendants.

Defendants baldly argue that they do not reside here (with no declaration or explanation of where they live), so there is no basis for jurisdiction in California.

However, Plaintiff is only required to show facts that, if believed, would establish jurisdiction.  In the absence of an evidentiary hearing, "[h]owever, this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (qu*oting Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). To make the requisite showing, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements* Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted). In evaluating the plaintiff's showing, all uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in plaintiff's favor. *Id.*

Personal jurisdiction may be premised on general personal jurisdiction (based on a defendant's continuous presence in a state) or specific personal jurisdiction (based on specific contacts with the state specifically related to the claims at issue).

**1. General Personal Jurisdiction Exists Because Defendants Reside in California**

As this Court knows, personal jurisdiction can be either general or specific. Plaintiff shows here that sufficient facts to conclude that Defendants reside in California, and Defendants put forth no evidence at all.  They state they do not reside in California – with no citation.  Before filing this case, Plaintiff searched the Internet through various web pages to ensure that defendants resided in California.  They found the following facts, which are supported by the accompanying declaration of Eric Bjorgum and exhibits thereto:

3

(i) The PrimeSolarQuotes.com Privacy Policy. Defendant's privacy policy calls for all disputes to be decided within California jurisdictions, including using JAMS (headquartered in California) for mediations or arbitrations.

(ii) Sahak Nalbandyan's LinkedIn profile says that he is the owner of Adapt2Media, Inc. and resides in Los Angeles. The California Secretary of State provides that Adapt2Media is his company, based in Burbank. (Bjorgum Decl., Exh. B).

(iii) Plaintiff's Counsel has had conversations with Mr. Nalbandyan's wife, who is a lawyer living in California. (Bjorgum Decl., ¶ 8.)

(iv) Sahak Nalbandyan is listed by Google as a political advertiser showing advertisements like Plaintiff's work and paying millions of dollars to run advertisements of them. (Bjorgum Decl., Exhs. D – E.)

(v) PrimeSolarQuotes.com previously had pages that specifically targeted California residents (Bjorgum Decl., Exh. C.)

All of this is sufficient to show general jurisdiction in California because these facts tend to show Defendants reside here. Defendants, on the other hand, have identified no evidence or testimony beyond a blunt statement that they do not live in California.

**2. Specific Jurisdiction Exists Because Defendants Target California.**

a. Legal Standard for Specific Jurisdiction.

The test for specific jurisdiction in the Ninth Circuit is as follows:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the

benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).

    b. Defendants Directed Themselves at Activities at California.

The first prong of the Ninth Circuit's test for personal jurisdiction requires that the defendant either purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum. *Entrepreneur Media v. Entrepreneur*, 2021 U.S. Dist. LEXIS 190868, *10. In tort cases, such as a copyright case, a plaintiff must show that the defendant's conduct is purposefully directed at the forum. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020). The Ninth Circuit has held that the relevant inquiry for purposeful direction is whether the defendant allegedly has (a) committed an intentional act, (b) expressly aimed at the forum state, and (c) causing harm that the defendant knows is likely to be suffered in the forum state. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).

  Here, Defendant committed intentional acts posting advertisements targeted at California and requiring any privacy or related disputes to be decided in California. Exhibit C is specifically aimed at California residents. Further Exhibit D shows that Defendant embraces the California Court System.

  In *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1229-30 (9th 2011)*,* the Ninth Circuit held that an Ohio corporation expressly aimed its tortious conduct against a Florida corporation at California because it used the plaintiff's copyrighted photos to exploit the California market for its own gain. 647 F.3d at 1229. Brand made money from "hits" to its website from California residents, and

"some of the third-party advertisers on Brand's website had advertisements directed at Californians," indicating that it "knows—either actually or constructively—about its California user base." *Id.* Exercising personal jurisdiction was reasonable because "Brand anticipated, desired, and achieved a substantial California viewer base." *Id.* at 1230.

The result is the same where Defendants have created website with ads aimed a Californians specifically.

### b. The Claim Arises Out of Forum-Related Activities.

Next, the claim arises out of the infringement on the Internet, which is available in California and ta<sub>ee</sub>

### c. The "Fair Play and Substantial Justice" Factors Are Met.

One Court described the "Fair Play and Substantial are In determining whether the exercise of jurisdiction over a nonresident defendant comports with "fair play and substantial justice," the court must consider seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1487-88 (9th Cir. 1993). None of the factors is dispositive, and the Court must balance all seven. *Id.* at 1488.

Here, the factors are easily met. Defendants reside in California and cite California law in the Terms of Use. They have identified no burden in litigating

here. They have not identified their alleged other home state. They have not discussed conflict with their state. In short, Defendants make no showing here.

For all of these reasons, the Court should find there is personal jurisdiction over Defendants in this matter.[1]

### C. The Complaint Sufficiently Alleges Liability.

Defendants also argue that the Complaint is insufficiently vague. This is ridiculous. It alleges the elements of copyright infringement and attaches both the registration and the deposit copy.

Plaintiffs recognize that there are some extraneous allegations in the Prayer. Plaintiff will submitted an Amended or Supplemental Complaint deleting those allegations, as appropriate.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this case stay on track rather than be dismissed.

DATED: July 12, 2022020-                Respectfully submitted,

                                        KARISH & BJORGUM, PC


                                        By    /s/ Eric Bjorgum,
                                            Eric Bjorgum
                                            Attorneys for Plaintiff
                                            Intent Drivers, Inc.

---

[1] To the extent this Court finds no personal jurisdiction at this time, Plaintiff would request an opportunity to conduct limited discovery.

Dos Santos v. Telemundo Communs. Group, LLC, 2012 U.S. Dist. LEXIS 189524, *17-18, 2012 WL 9503003

On the other, we have held that "operating even a passive website in conjunction with 'something more' — conduct directly targeting the forum — is sufficient." *Rio Props.*, 284 F.3d at 1020. In determining whether a nonresident defendant has done "something more," we have considered several factors, including the interactivity of the defendant's website, *e.g., Pebble Beach*, 453 F.3d at 1153-54, 1158; *Cybersell*, 130 F.3d at 417-20; the geographic scope of the defendant's commercial ambitions, *e.g., Pebble Beach*, 453 F.3d at 1156-58; *Rio Props.*, 284 F.3d at 1020-21; and whether the defendant "individually targeted" a plaintiff known to be a forum resident, *e.g., Brayton Purcell*, 606 F.3d at 1129; *Pebble Beach*, 453 F.3d at 1156-57; *Panavision*, 141 F.3d at 1321-22.

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1229, 2011 U.S. App. LEXIS 16326, *24, 99 U.S.P.Q.2D (BNA) 1562, 1569, Copy. L. Rep. (CCH) P30,124