CAMUTI LAW GROUP APC
Nathan B. Camuti, SBN 300568
33 Brookline
Aliso Viejo, California 92656
Telephone: (949) 716-5565
Facsimile: (949) 215-9598
Email:     nate@camutilaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| INTENT DRIVERS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRIMESOLARQUOTES; SOLARPANELQUOTES; SAHAK NALBANDYAN, an individual; and DOES 1 – 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 8:22-cv-00003-JVS-JDE<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Hon. James V. Selna<br>Courtroom: 10C<br>Hearing Date: August 1, 2022<br>Hearing Time: 1:30 p.m. |

　　　Defendants Primesolarquotes, Solarpanelquotes, and Sahak Nalbandyan (collectively, Defendants), hereby submit the instant Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and Strike Plaintiff Intent Drivers, Inc.'s prayer for relief directed to unpled claims of the Complaint.

1

DEFENDANTS' REPLY TO PLANTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

Defendants' Motion should be granted. Plaintiff's Complaint and Opposition is completely ungrounded for several reasons. First, Plaintiff failed to file its opposing papers on time, which is grounds for the Court to grant Defendants' Motion. Second, the Complaint should be dismissed for failure to state a claim upon which relief can be granted as Plaintiff admits to merely alleging bare elements of copyright infringement. Third, Plaintiff lacks standing to bring a copyright infringement claim as the Complaint fails to provide evidence of a *valid* copyright registration. Fourth, the Court lacks personal jurisdiction over Defendants. The allegations in the Complaint are a mere recitation of conclusory statements for copyright infringement based on alleged information and belief, without any facts to push the allegations from conceivable to plausible. Further, Plaintiff's Opposition makes assertions that were never alleged in the Complaint. Lastly, the Prayer for Relief of the Complaint is directed to unpled claims in the Complaint and should therefore be stricken because, although Plaintiff asserts in its Opposition (Opp'n) that it will amend the Complaint, it has not done so. (Opp'n at 7.)

## II. DEFENDANTS' MOTION TO DISMISS SHALL BE GRANTED BECAUSE PLAINTIFF FAILED TO FILE ITS OPPOSITION ON TIME.

Per the Central District of California Local Rule 7-9, an opposing party shall file its opposing papers not later than twenty-one days before the designated date for the hearing of the motion. C.D. Cal. L.R. 7-9. In the present Motion to Dismiss, twenty-one days before the August 1, 2022, designated hearing date is July 11, 2022. However, Plaintiff filed its Opposition to Defendants' Motion to Dismiss on July

12, 2022, which is late.

Due to Plaintiff's failure to file within the deadline, the Court may decline to consider Plaintiff's Opposition and instead grant Defendants' Motion to Dismiss, in accordance with Local Rule 7-12. Furthermore, per Local Rule 7-13, Plaintiff may also be subject to sanctions of Local Rule 83-7 and the Federal Rules of Civil Procedure.

### III. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS PLAINTIFF ADMITS TO MERELY ALLEGING BARE ELEMENTS OF COPYRIGHT INFRINGEMENT.

The Complaint fails to plead facts supporting the allegation of copyright infringement. In fact, Plaintiff admits that it merely "alleges the elements of copyright infringement and attaches both the registration and the deposit copy." (Opp'n at 7.) Plaintiff's complaint requires more than "a formulaic recitation of the elements of a cause of action" and "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plaintiff's conclusory recitation of the elements of copyright infringement fails to meet the pleading standards, and thus, its complaint must be dismissed under Federal Rule of Civil Procedure

12(b)(6) for failure to set forth a set of facts which, if true, would entitle the plaintiff to relief. *See Twombly* at 555.

Furthermore, there are numerous inconsistencies with Plaintiff's alleged registration and deposit copy attached to the Complaint. Exhibit A of the Complaint shows that the copyright registration number TXu002234483 was registered on the date 2020-12-29. (Compl., Ex. A.) Additionally, the type of work is a "Computer File" titled "Energy Bill Cruncher 09_16_17" with a date of creation in 2017. (*Id.*) However, the attached alleged deposit copy of "Energy Bill Cruncher 09_16_17" is dated "January 4th 2022", which is five years after the 2017 date of creation. (*Id.*) Thus, it is highly unlikely that a document dated in 2022 was the true and correct deposit copy that was created back in 2017. Accordingly, the Complaint fails to allege sufficient facts to support ownership of a valid copyright.

Additionally, the Complaint fails to plead any facts to connect Defendants to any alleged acts of infringement or allegedly infringing works and simply states the that "Defendants have copied and displayed the Work without Plaintiff's authorization, and it has done so with the intent of attracting customers." (Compl. ¶ 17.) This is merely a bald recitation of an element of copyright infringement, completely devoid of any facts to meet the pleading standards. Plaintiff's Complaint fails to state or reference any facts or evidence to substantiate the alleged information and belief.

In light of Plaintiff's admission to merely reciting elements of copyright infringement and the arguments asserted above, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**IV.   THE COMPLAINT MUST BE DISMISSED BECAUSE**

# PLAINTIFF DOES NOT HAVE STANDING AND THEREFORE LACKS SUBJECT MATTER JURISDICTION.

The Complaint fails to provide evidence of a *valid* copyright registration, and thus does not have standing. In its Opposition, Plaintiff simply states that it owns U.S. Copyright Reg. No. TXu002234483. (Opp'n at 2.) Plaintiff further states that "Defendants claim that the work belongs to a photographer because the Complaint mentions a photographer. But the work is a work of text, and Defendants put forth no argument or evidence that the text is not owned by Plaintiff." (*Id.*) First, Plaintiff has mistaken who is the proper party that bears the burden of establishing its case. As the party invoking federal jurisdiction, Plaintiff bears the burden of proof establishing each element of its case. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992). Here, Complaint has failed to establish each element of copyright infringement, and thus lacks subject matter jurisdiction in federal court.

While Plaintiff contends that "the work is a work of text", Defendants assert that even if the work at issue is a work of text, Plaintiff still fails to offer evidence that it is the true owner of a *valid*, registered copyright. The alleged copyright at issue states that Plaintiff is "employer for hire" under the "Authorship on Application." (Compl., Ex. A.) However, Plaintiff fails to provide any facts to support that it is the true owner of the work for hire. For works made for hire, the employer is considered the author if the work is: 1) prepared by an employee within the scope of his or her employment; or 2) the work is specially ordered or commissioned and parties have agreed in a signed written agreement. *See Cmty. for Creative Non-Violence v. Reid*, 490

U.S. 730, 738, 109 S. Ct. 2166, 2170 (1989); 17 U.S.C. § 201(b). Here, the Complaint provides no facts to identify the individual(s) who wrote the "text" of the alleged copyright. For instance, the Complaint provides no trace of any employment paperwork of the individual who allegedly wrote the "text" of the alleged copyright. In fact, there are no facts or evidence to show that the work was prepared by either an employee acting within the scope of employment or a hired independent contractor that signed a written agreement transferring ownership of the work to Plaintiff. Thus, without establishing that it is the true owner of a valid, registered copyright, Plaintiff may not sue for copyright infringement.

Additionally, Plaintiff admits that "the Complaint mentions a photographer", yet immediately implies that the photographer is irrelevant to case at hand because the alleged work is a "work of text." (Opp'n at 2.) Indeed, the Complaint specifically alleged that Plaintiff hired a photographer and created original photographic content, then simply states that Defendant displayed "one such photograph at issue" without providing any facts to substantiate Defendant's alleged display of said photograph. (Compl. ¶¶ 9-10.) It bears noting that that Plaintiff may have misrepresented material facts and/or presented facts to harass, cause unnecessary, delay, or needlessly increase the cost of litigation, which is improper conduct and should be sanctioned accordingly. Undoubtedly, the Plaintiff's denial of the relevance of its own allegations regarding hiring a photographer and photographs is a brazen attempt to misdirect and dodge the fact that Plaintiff has failed to show its ownership of a *valid*, registered copyright, and thus, it does not have standing in federal court.

V.   **THE COMPLAINT MUST BE DISMISSED BECAUSE**

# THE COURT LACKS PERSONAL JURISDICTION.

Plaintiff's insistence that the Court has personal jurisdiction over Defendants are based on tenuous speculation. First, Plaintiff brazenly states that Defendant Sahak Nalbandyan resides in Los Angeles, despite being informed that Nalbandyan resides in Las Vegas. In fact, Plaintiff's counsel states in his own Declaration of Eric Bjorgum ("Bjorgum Decl.") that he spoke with Nalbandyan's wife, who informed him that Nalbandyan resides in Las Vegas. (Opp'n, Bjorgum Decl. ¶ 4.) However, Plaintiff completely ignores this fact and continues to make arguments bathed in speculation. For instance, Plaintiff leaps to the conclusion that Defendant resides in California simply because a LinkedIn profile for Sahak Nalbandyan, states that the individual is a CEO/Founder at ADAPT2MEDIA, INC., located in Los Angeles, California. (Opp'n at 4, Ex. A.) It is commonly understood that social media, including LinkedIn profiles, are curated, updated, and edited by users, and often times profiles are not kept up to date. Simply because a LinkedIn profile shows that a company is located in California is not conclusive that a user resides in the same state as the company.

Additionally, Plaintiff references an Articles of Incorporation filing with the California Secretary of State for the corporation, ADAPT2MEDIA, INC. (Opp'n at 4, Ex. B.) This is completely irrelevant, as ADAPT2MEDIA, INC. is not a party to the instant matter, and thus bears no significance to the matter at hand. Similarly, the Opposition mentions that Defendant Nalbandyan's wife is a lawyer living in California, which is completely irrelevant to the instant matter as Nalbandyan's wife is not a party to the action.

Further, Plaintiff attempts to mislead that "Defendant's privacy policy calls for all disputes to be decided within California." (Opp'n. at

4). However, this is wholly misguided as Defendant's Terms of Use specifies that only claims arising out of or relating to the Terms, Privacy Policy, and use of the website may lie in the courts located in California. (Opp'n, Ex. D.) However, the instant matter does not arise out of or relate to the Terms, Privacy Policy, or use of the website. Plaintiff is entirely speculating that Defendants reside in California because of an irrelevant Terms of Use clause. Moreover, there is no evidence that any individual or entity has ever acted on the Terms of Use and haled Defendants into federal court in California for any claims or causes of action. A search for the parties, PRIMESOLARQUOTES and SOLARPANELQUOTES, on PACER Case Locator found the single search result being the instant case at hand.

Moreover, Plaintiff Opposition raises contentions that were never alleged in the Complaint. (*See* Opp'n at 2-7.) In fact, the Complaint does not allege facts that the Defendants reside in this district nor direct activity to California. Therefore, the Court lacks personal jurisdiction over Defendants, and thus, the Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(2).

Additionally, it bears noting that Plaintiff has raised numerous contentions in its Opposition never alleged in the Complaint with no attempt to rectify its groundless Complaint, which is a tremendous waste of parties' time, money, and judicial resources.

**VI.   THE PRAYER FOR RELIEF MUST BE DISMISSED OR STRICKEN AS BEING DIRECTED TO UNPLED CLAIMS.**

Plaintiff recognizes that there are "extraneous allegations in the Prayer." (Opp'n at 7.) As such, per Federal Rule of Civil Procedure 12(f), the Prayer for Relief directed to causes of action not pled should be

stricken.

## VII. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss the Complaint and Strike the Prayer for Relief directed to unpled claims.

Dated: July 18, 2022    **CAMUTI LAW GROUP APC**

/s/ Nathan Camuti
Nathan B. Camuti
Camuti Law Group APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: (949) 716-5565

*Attorney for Defendants*