CAMUTI LAW GROUP APC
Nathan B. Camuti, SBN 300568
33 Brookline
Aliso Viejo, California 92656
Telephone: (949) 716-5565
Facsimile: (949) 215-9598
Email: nate@camutilaw.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| INTENT DRIVERS, INC., a California corporation; ANDREW WILDER, INC., a Nevada corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>PRIMESOLARQUOTES; SOLARPANELQUOTES; SAHAK NALBANDYAN, an individual; and DOES 1 – 10, inclusive,<br><br>    Defendants. | Case No.: 8:22-cv-00003-JVS-JDE<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br>Second Amended Complaint Filed: October 24, 2022 |

## ANSWER

Defendants PRIMESOLARQUOTES, SOLARPANELQUOTES, and SAHAK NALBANDYAN (collectively, DEFENDANTS), by its undersigned counsel, answers Plaintiffs INTENT DRIVERS, INC., and ANDREW WILDER, INC.'s (collectively, PLAINTIFFS) Second

Amended Complaint ("SAC" or "complaint") filed on October 24, 2022, as follows:

### Subject Matter Jurisdiction and Venue

1. DEFENDANTS deny the allegations in paragraph 1 of the SAC.
2. DEFENDANTS deny the allegations in paragraph 2 of the SAC.

### Parties and Personal Jurisdiction

3. DEFENDANTS admit that Intent Drivers, Inc., is a California corporation. Except as expressly admitted, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the complaint.
4. DEFENDANTS admit that Andrew Wilder, Inc., is a Nevada corporation. Except as expressly admitted, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the complaint and on that basis denies.
5. DEFENDANTS deny the allegations of paragraph 5.
6. DEFENDANTS deny the allegations of paragraph 6.
7. DEFENDANTS admit Sahak Nalbandyan is an individual. DEFENDANTS admit that Adapt2Media, Inc., is a corporation. Except as expressly admitted, DEFENDANTS deny each and every allegation contained in paragraph 7.
8. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the complaint and on that basis denies.

### Plaintiffs' Business and Defendant's Acts

9. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the complaint and on that basis denies.

10. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the complaint and on that basis denies.

11. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the complaint and on that basis denies.

12. DEFENDANTS deny the allegations in paragraph 12 of the SAC.

13. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the complaint and on that basis denies.

14. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the complaint and on that basis denies.

15. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the complaint and on that basis denies.

16. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the complaint and on that basis denies.

17. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the complaint and on that basis denies.

18. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the complaint and on that basis denies.

19. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the complaint and on that basis denies.

20. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the complaint and on that basis denies.
21. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the complaint and on that basis denies.
22. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the complaint and on that basis denies.
23. DEFENDANTS deny the allegations in paragraph 23 of the SAC.

## Count One – Copyright Infringement
### (Against All Defendants)

24. DEFENDANTS incorporate by reference their responses to the allegations in paragraphs 1 through 23 of the SAC as if fully set forth herein.
25. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the complaint and on that basis denies.
26. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the complaint and on that basis denies.
27. DEFENDANTS deny the allegations in paragraph 27 of the SAC.
28. DEFENDANTS deny the allegations in paragraph 28 of the SAC.
29. DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the complaint and on that basis denies.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

30. DEFENDANTS deny that PLAINTIFF is entitled to the judgment

and relief prayed for in paragraphs 1 through 5 on pages 10 and 11 of the SAC.

## AFFIRMATIVE DEFENSES

Defendants hereby assert and interpose the following affirmative defenses in response to the allegations in the SAC, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and for which the law imposes the burden on Defendants, regardless of how such defenses are denominated herein. Defendants expressly reserve the right to add additional affirmative defenses, and to assert counterclaims, crossclaims, and third-party claims, which become known through investigation, discovery, or other proceedings, in this matter.

### FIRST AFFIRMATIVE DEFENSE
(Failure to state a claim)

31. The SAC, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Lack of standing)

32. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs lack standing to assert copyright infringement

### THIRD AFFIRMATIVE DEFENSE
(No case or controversy)

33. This Honorable Court lacks subject matter jurisdiction over the claims alleged in the SAC because there is no case or controversy.

### FOURTH AFFIRMATIVE DEFENSE
(Unclean hands)

34. The claims made in the SAC are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

(Innocent infringement)

35. The claims made in the SAC are barred, in whole or in part, because any infringement was innocent and without knowledge of the copyrights allegedly owned by Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

(Intervening and superseding causes)

36. Plaintiffs' damages, if any, were caused by intervening and superseding causes and were not caused by Defendants. Plaintiffs' claims are barred, in whole or in part, because the alleged infringement was not caused by a volitional act attributable to Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

(No causation)

37. The claims made in the SAC are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by the Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

(No injury or damage)

38. Without admitting that the SAC states a claim, there has been no injury or damage in any amount, manner, or at all by reason of any act alleged against Defendants in the SAC, and the relief prayed for in the SAC therefore cannot be granted.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to mitigate)

39. The claims in the SAC are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

**TENTH AFFIRMATIVE DEFENSE**

DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SAC

(Mootness)

40. The Honorable Court lacks subject matter jurisdiction over the claims alleged in the SAC because the claims are moot.

### ELEVENTH AFFIRMATIVE DEFENSE
(No infringement)

41. The claims made in the SAC are barred, in whole or in part, because Defendants' actions did not infringe the purported copyrights alleged in the SAC.

### TWELFTH AFFIRMATIVE DEFENSE
(Improper registration)

42. Plaintiffs' claims are barred, in whole or in part, to the extent that the works are not properly registered with the U.S. Copyright Office.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Good faith)

43. Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct was in good faith and with non-willful intent at all times.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

44. Plaintiffs' claims are barred in whole or in part, by the doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Plaintiff Not Sole Author, Originator or Creator)

45. Plaintiffs' claims are barred, in whole or in part, because Defendants are informed and believe and on that basis allege that Plaintiffs are not the sole author, originator, or creator of the original works that are the subject of this litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Fair Use)

46. Plaintiffs' claim is barred, in whole or in part, because Defendants' alleged conduct constitutes fair use.

### SEVENTEETH AFFIRMATIVE DEFENSE
(Invalidity or Unenforceability of Copyright)

47. Plaintiffs' claims are barred because Plaintiffs' purported copyright registration is invalid and/or unenforceable pursuant to 17 U.S.C. § 411(a).

### ADDITIONAL DEFENSES

48. Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

### COUNTERCLAIMS

Counterclaim Plaintiff SAHAK NALBANDYAN ("Counterclaim Plaintiff") alleges the following counterclaims against Counterclaim Defendants INTENT DRIVERS, INC., and ANDREW WILDER, INC., (collectively "Counterclaim Defendants"), incorporating by reference DEFENDANTS' Answer to PLAINTIFFS' SAC as if fully set forth herein:

### PARTIES

1. Counterclaim Plaintiff SAHAK NALBANDYAN is an individual residing in Las Vegas, Nevada.
2. On information and belief, Counterclaim Defendant INTENT DRIVERS, INC., is a California corporation with its principal residence in Orange County, California.
3. On information and belief, Counterclaim Defendant ANDREW WILDER, INC., is a Nevada corporation with its principal place of business in Orange County, California.

### JURISDICTION AND VENUE

DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SAC

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338 and 1331.
5. This Court has personal jurisdiction, and venue is proper because Counterclaim Defendants consented to jurisdiction by initiating this action.

## FACTS

6. On information and belief, Counterclaim Defendant ANDREW WILDER, INC., is not the true owner and author of the works that are the subject of U.S. Copyright Registration No. VA0002297089 which includes the Meter Photo.
7. Counterclaim Defendant ANDREW WILDER, INC., did not hire a photographer to create the Meter Photo.
8. The Meter Photo is a stock photo. Counterclaim Defendant ANDREW WILDER, INC., is not the author or owner of the Meter Photo.
9. The work registered under U.S. Copyright Registration No. VA0002297089 is based on the underlying stock Meter Photo. The underlying work is not identified in U.S. Copyright Registration No. VA0002297089.
10. Without identifying the underlying work, Defendant ANDREW WILDER, INC., made a material misrepresentation by claiming copyrights in the work that is the subject of U.S. Copyright Registration No. VA0002297089.
11. On information and belief, Counterclaim Defendant INTENT DRIVERS, INC., is not the owner of the copyrights that are the subject of U.S. Copyright Registration No. TXu002234483.
12. On information and belief, the Solar Article was drafted by an independent contractor company that drafts articles for the internet.

13. On information and belief, the independent contractor company that drafted the Solar Article did not transfer any rights to Counterclaim Defendant INTENT DRIVERS, INC.

14. On information and belief, no agreement exists that establishes that Counterclaim Defendant INTENT DRIVERS, INC., is employer for hire of the work registered under U.S. Copyright Registration No. TXu002234483.

15. On information and belief, no writing exists that transfers, assigns, licenses, or otherwise grants Counterclaim Defendants rights in the Solar Article.

## FIRST CLAIM FOR RELIEF

**Declaratory Judgment of Invalidity - Registered Copyrights**

16. Counterclaim Plaintiff repeats and incorporates by reference each of paragraphs 1-15 of his Counterclaims.

17. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

18. On information and belief, Counterclaim Defendant ANDREW WILDER, INC., provided inaccurate information when it filed the copyright application for U.S. Copyright Registration No. VA0002297089 with the knowledge that the information was inaccurate.

19. On information and belief, Counterclaim Defendant ANDREW WILDER, INC., had knowledge that the works under U.S. Copyright Registration No. VA0002297089 did not meet the criteria for a work made for hire and made material misrepresentations in its copyright application for photographs, including failing to identify the underlying stock photo.

20. On information and belief, the Register of Copyrights would have

refused registration of U.S. Copyright Registration No. VA0002297089 if it had known of the inaccurate information.

21. On information and belief, inaccurate information was included on the copyright application for U.S. Copyright Registration No. TXu002234483 with the knowledge that the information was inaccurate.

22. On information and belief, Counterclaim Defendant INTENT DRIVERS, INC., had knowledge that the work under U.S. Copyright Registration No. TXu002234483 did not meet the criteria for a work made for hire.

23. On information and belief, the Register of Copyrights would have refused registration of U.S. Copyright Registration No. TXu002234483 if it had known of the inaccurate information.

24. Counterclaim Plaintiff therefore seeks a declaration that U.S. Copyright Registration Nos. VA0002297089 and TXu002234483 are invalid copyright registrations.

## SECOND CLAIM FOR RELIEF

**Declaratory Judgment of Invalidity - Unregistered Copyrights**

25. Counterclaim Plaintiff repeats and incorporates by reference each of paragraphs 1-24 of his Counterclaims, and his Answer to SAC.

26. On information and belief, Counterclaim Defendant ANDREW WILDER, INC., is not the author and owner of the copyright for the Meter Photo as the Meter Photo is a stock photo altered by an employee outside the scope of employee's regular work.

27. On information and belief, Counterclaim Defendant INTENT DRIVERS, INC., is not the author and owner of the copyright for the Solar Article, which was written by an independent contractor company.

28. Counterclaim Plaintiff therefore seeks a declaration that the Meter Photo allegedly owned by Counterclaim Defendant ANDREW WILDER, INC., and the Solar Article allegedly owned by Counterclaim Defendant INTENT DRIVERS, INC., are invalid copyrights.

### THIRD CLAIM FOR RELIEF
### Declaratory Judgment of Non-Infringement of Alleged Copyrights

29. Counterclaim Plaintiff repeats and incorporates by reference each of paragraphs 1-28 of his Counterclaims, and his Answer to SAC.

30. On information and belief, U.S. Copyright Registration Nos. VA0002297089 and TXu002234483 were obtained based on submitting false information in the copyright applications.

31. On information and belief, U.S. Copyright Registration Nos. VA0002297089 and TXu002234483 should never have been granted to Counterclaim Defendants ANDREW WILDER, INC., and INTENT DRIVERS, INC., respectively.

32. Counterclaim Plaintiff did not infringe upon the invalid copyrights as there is no standing for a copyright infringement claim.

33. Counterclaim Plaintiff therefore seeks a declaration that he did not infringe Counterclaim Defendants' alleged copyrights as they are invalid.

### PRAYER FOR RELIEF

Wherefore, Counterclaim Plaintiff respectfully requests that this Court enter Judgment as follows:

A. That the Court enter a declaratory judgement against Counterclaim Defendants that the Counterclaim Defendants

have:

    a. Invalid Copyright Registration Nos. VA0002297089 and TXu002234483; and

    b. Invalid Unregistered Copyrights.

B. That the Court enter a declaratory judgment that Counterclaim Plaintiff did not infringe Counterclaim Defendants' alleged copyrights.

C. That the Court award Counterclaim Plaintiff the cost of suit incurred herein, including attorney's fees.

D. That Counterclaim Plaintiff be awarded such other relief as may be appropriate.

## DEMAND FOR JURY TRIAL

DEFENDANTS join PLAINTIFFS' request for a jury trial on all issues triable by jury.

Dated: November 7, 2022	**CAMUTI LAW GROUP APC**

/s/ Nathan Camuti
Nathan B. Camuti
Camuti Law Group APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: (949) 716-5565

*Attorney for Defendants*